The People of the State of Illinois ex rel. Anna W. Love and M. B. Okun, Appellees, v. John C. McDonnell, Acting Chief of Fire Prevention, etc., Appellant.

Gen. No. 30,079.

1. MUNICIPAL CORPORATIONS—*distance of filling station from other property.* Chicago ordinance prohibiting construction of gas and filling station within 200 feet of buildings used for certain purposes, held to contemplate that measurement should be from boundary of property on which filling station is to be constructed and nearest boundary of property on which other building stands.

2. MUNICIPAL CORPORATIONS—*distance of filling stations from church.* Under Chicago ordinance prohibiting gas and filling stations within 200 feet of property on which there is a building used for a church, held to prohibit construction of filling station within 200 feet of property on which there was a building only part of which was used for religious services.

3. MUNICIPAL CORPORATIONS—*Salvation Army as church within filling station ordinance.* Salvation Army is a religious organization and building used by it is a church, within Chicago ordinance prohibiting construction of gas and filling station within 200 feet of property on which building used as church is located.

4. MUNICIPAL CORPORATIONS—*what does not affect status as church within ordinance.* Under Chicago ordinance prohibiting license for construction of gas and filling station within 200 feet of church, a building used by Salvation Army constituted a church, although a few of its members were incorporated for the purpose of handling the physical properties of the organization.

Appeal by defendant from the Superior Court of Cook county; the Hon. EMANUEL ELLER, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Reversed. Opinion filed October 6, 1925.

FRANCIS X. BUSCH, Corporation Counsel, and WILL-IAM L. SULLIVAN, BARNET HODES and THOMAS J. SHEE-HAN, Asst. Corporation Counsels, for appellant; DANIEL V. GALLERY and BARNET HODES, Asst. Corpora-tion Counsels, of counsel.

No appearance for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opin-ion of the court.

This is an appeal from an order directing the is-suance of a writ of mandamus against the Acting Chief of Fire Prevention and Public Safety of the City of Chicago commanding him to restore a license issued August 8, 1924, to petitioner Anna W. Love "to install a 2-1000 tank" for a gas and filling sta-tion at certain premises on Ogden avenue, Chicago, or to issue a new license in the form of a canceled li-cense therefor.

The license was revoked the next month after its issuance upon the ground that the said premises ad-join property "used for church purposes," and that the city ordinance under which such licenses are is-sued prohibits such a filling station within 200 feet of property used for a church, school, theatre or hos-pital.

The ordinance in question empowers said officer to issue a license for such purposes, and also makes it his duty to enforce its provisions "which may tend to prevent the starting and spreading of fires or disastrous results in case of fire." His power to re-voke a license not issued in compliance with the ordi-nance was not questioned at the trial except on the ground of estoppel, which the record furnishes no facts or proof to support, and appellees have filed no brief in this court.

The ordinance forbids the installation of any tank for the storage of the liquids mentioned therein and for which a license is sought "in any lot or plot of

ground where any of the boundaries of any such lot or plot of ground are within 200 feet of the nearest boundary of any lot or plot *used* for a school, hospital, church or theatre.''

The premises in which it is sought to install the gas and oil station front west on Ogden avenue and in their rear adjoin a lot owned by the Salvation Army fronting south on West Madison street. On said lot is a building the front part of which is divided into stores with apartments over them, and in the rear portion thereof is an auditorium which has an entrance on Madison street by a hallway between the stores and has an exit at the rear to Ogden avenue. This auditorium is regularly used on Sundays and other days for conducting religious services and is devoted exclusively to church or religious purposes. It is proposed to install said tank within 3 feet of the west wall of said auditorium.

The trial judge seems to have decided the case on two erroneous grounds: (1) That the front entrance was more than 200 feet from where the tank or oil filling station was to be put up; and (2) that the entire building was not used exclusively for religious purposes and, therefore, could not be considered a church within the purview of the ordinance.

As to the first ground, it is enough to point out that by the terms of the ordinance the 200 feet are to be measured from ''the nearest boundary of any such lot,'' etc., and not from a building on it or its entrance.

As to the second ground, considering that the main object of the ordinance is to prevent danger from fire or explosion to those who may assemble or be in buildings used for schools, hospitals, churches and theatres, we think that any building or part thereof which is used regularly and exclusively for any of these purposes comes within the meaning and object of the ordinance, which is primarily to protect human life in a place used for any of such purposes where

a considerable number of persons frequently gather, and such an object is not affected by the mere form or size of the structure.

That the Salvation Army is a religious organization entitled to the same protection as any other religious organization when its members are assembled in their place of worship is hardly open to discussion. The evidence shows that like other Christian denominations it has a distinct ecclesiastical government, defined doctrines and discipline, and a recognized creed and mode of worship.

Some of its members have incorporated under the name of Salvation Army for the purpose of handling the physical properties of the organization but that fact has no bearing on the real question whether said auditorium is used for a church or religious purposes.

We are of the opinion that the issuance of a writ of mandamus would be in disregard of the manifest object and purposes of the ordinance as well as of its express terms.

*Reversed.*

GRIDLEY and FITCH, JJ., concur.